**[Cite as *In re W.E.-N.*, 2025-Ohio-767.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

IN THE MATTER OF: W.E.-N.

:
:
:     C.A. No. 2024-CA-19
:
:     Trial Court Case No. 2023 JG 54
:
:     (Appeal from Common Pleas Court-
:     Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on March 7, 2025

. . . . . . . . . . .

GREGORY K. LIND, Attorney for Appellant

ZEBULON N. WAGNER, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Mother appeals from a judgment of the Champaign County Court of Common Pleas, Juvenile Division, designating appellee Father as the residential parent of the parties' minor child for school purposes. For the following reasons, we affirm.

## I.     Factual and Procedural History

**{¶ 2}** Father is the biological parent of W.E.-N., who was born in 2019.   Father was never married to Mother, but he signed the child's birth certificate to acknowledge his paternity.

**{¶ 3}** On October 11, 2023, Father filed a complaint in the juvenile court seeking custody and the allocation of parental rights and responsibilities.   Mother filed an answer in which she requested that she be awarded custody of the child.

**{¶ 4}** A hearing was conducted on July 30, 2024.   At the start of the hearing, the parties submitted an agreed order of shared parenting.   The order provided, in part, for equal parenting time and that both parents would be considered legal custodians of the child.   It also designated that Mother would be the residential parent during her parenting time, and Father would be the residential parent during his parenting time.   The agreed order did not address which party would be designated the residential parent for school purposes.   Thus, the hearing proceeded solely on this issue.   Both parents and the guardian ad litem (GAL) presented testimony on the issue.

**{¶ 5}** After the hearing, the trial court designated Father as the residential parent for school purposes.   The court's judgment stated, in relevant part:

Upon consideration of all testimony and evidence presented the court makes the following findings:

- The child is an established student in the Urbana School District and at Theresa's Gingerbread House for all childcare.

- Both parents and their families have resided in the Urbana area for most of their lives.

- The mother has resided in New Carlisle for only 2 months – not long enough to show a stable established residence.

- It is unclear if the mother will be a "stay at home mom" or will be working.

- The Guardian ad litem recommends that the child remain in the Urbana City School District.

- Urbana City Schools are a reasonable and almost equal distance for both parents in case of an emergency and to allow both parents to be involved with the child's school.

{¶ 6} Based upon these findings, the court determined that "it is in the best interests of the child to attend Urbana City Schools."

{¶ 7} Mother appeals.


## II.   Analysis

{¶ 8} Mother's sole assignment of error states:

THE COURT ERRED IN ITS DECISION WHEN THE COURT RULED THAT THE SCHOOL PLACEMENT SHOULD BE WITH THE FATHER, WHICH WAS AN ABUSE OF THE COURT'S DISCRETION AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} Mother contends the trial court failed to consider the best interest of the child in reaching its decision.   She further contends the court's findings were not supported by

the weight of the evidence.

{¶ 10} Before addressing the merits of Mother's appeal, we note that her appellate brief suggests that the trial court modified the "prior shared parenting decree" when it designated Father as the residential parent for school purposes. She seems to base this premise on the fact that the shared parenting decree designated both parents as residential parents.

{¶ 11} Although the shared parenting agreement executed by the parties did designate each parent as a residential parent, these designations were limited to the time during which the child was physically in the respective parent's care. The agreement also provided a clause for the designation of a residential parent for school purposes. However, the agreement omitted which parent would be so designated. Specifically, the agreement included the following clause:

> School Placement: The parties' Minor Child shall attend school in the
> district where _____ resides, and _____, shall be the residential parent for
> the purposes of determining the Minor Child's school district.

{¶ 12} Our review of the pleadings and the hearing transcript makes it clear that the parties left this issue for the court to decide following a hearing on the matter. Because there was no agreement on this issue, Mother's claim that the trial court modified the shared parenting agreement is without merit.

{¶ 13} We next turn to Mother's claim that the court erroneously failed to cite the best-interest factors set forth in R.C. 3109.04(F).

{¶ 14} When a court allocates parental rights and responsibilities, it is mandated

to consider the best interest of the child.   R.C. 3109.04(B)(1).   In determining the child's best interest, the court "shall consider all relevant factors, including, but not limited to," the following:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes, and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving an act that resulted in a child being an abused or a neglected child . . . ;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1).

{¶ 15} A trial court has the discretion to determine which of the above factors is relevant to a given case. *Brammer v. Brammer*, 2013-Ohio-2843, ¶ 41 (3d Dist.). No single factor controls the best-interest determination, and the court is free to assign any weight it deems appropriate to a particular factor. *Davidson v. Hodge*, 2023-Ohio-1638, ¶ 25 (8th Dist.). "[T]he trial court was not obligated to recite or discuss any factors individually." *Palichat v. Palichat*, 2019-Ohio-1379, ¶ 28 (2d Dist.). The critical issue is whether the judgment entry is supported by some competent, credible evidence." *Hutchinson v. Hutchinson*, 2014-Ohio-4604, ¶ 32 (2d Dist.). Further, the court is not limited to consideration of the specific factors listed in the statute; it may consider any other relevant factors. *In re M.S,* 2022-Ohio-3348, ¶ 38 (2d Dist.). "[W]hile helpful to a reviewing court, there is no requirement that a trial court expressly and separately address each best-interest factor. . . . Absent evidence to the contrary, an appellate court presumes that the trial court considered the relevant statutory factors." (Citations omitted.). *Wise v. Wise*, 2010-Ohio-1116, ¶ 5 (2d Dist.).

{¶ 16} As noted by Mother, the court did not specifically mention the factors set forth in R.C. 3109.04(F)(1). However, the court expressly stated that its determination

was based upon a finding that designating Father as residential parent for school purposes was in the best interest of the child. Further, the court was obviously aware of the wishes of the parents as they both sought to be named residential parent for school purposes. R.C. 3109.04(F)(1)(a). Importantly, the court also considered the child's adjustment to the Urbana school system. R.C. 3109.04(F)(1)(d). And although the court did not interview the child as to his wishes, it did note and consider the GAL's recommendation that the child remain in the Urbana school district. On this record, we cannot conclude that the court failed to consider the pertinent statutory factors.

{¶ 17} Finally, we address Mother's claim that the court's decision was not supported by the evidence. First, Mother challenges the finding that the child was an established student in the Urbana schools, noting that the child had not yet begun kindergarten. She further claims the testimony presented by the GAL on this issue was not credible.

{¶ 18} The evidence established that the child was attending pre-kindergarten in the Urbana school district and exhibited behavioral issues while in pre-kindergarten. The GAL testified that her investigation showed that Urbana school personnel were familiar with the child's behavioral issues and have "learned to deal with" these issues. The GAL further testified that the child was accustomed to the Urbana schools and that remaining with that structure would be beneficial to the child. We find nothing inherently incredible or unreasonable in this evidence, and Mother did not present any evidence refuting the GAL's testimony. As such, we conclude this finding was supported by competent, credible evidence.

{¶ 19} Mother next claims the trial court improperly penalized her for moving to a new residence but failed to fault Father, who had also moved. Mother had moved from Urbana to New Carlisle approximately two months prior to the hearing; Father had lived in his Urbana residence for approximately one year. The court stated that it did not find Mother had lived in New Carlisle long enough to demonstrate "a stable established residence."

{¶ 20} The fact that the court did not designate Mother as the residential parent for school purposes did not, in itself, support a finding that the trial court had penalized Mother for her move. Instead, it appears this factor was considered solely in regard to the issue of stability for the child. The parties had lived in Urbana for the majority of their lives, and the child had extended family in Urbana. There was no evidence that any family, other than Mother, resided in New Carlisle. Further, the evidence indicated that the child would benefit from the stability of staying in the Urbana school system. There was no evidence presented that the child would have fared better by going to school in New Carlisle. Thus, Mother has not established that this finding was against the weight of the evidence. We conclude that the trial court acted within its discretion in finding that Urbana schools were a more stable environment for the child.

{¶ 21} Mother next claims the trial court erred in concluding that the evidence was "unclear" as to whether Mother intended to work or to be a stay-at-home parent. We find no error. During her testimony, Mother claimed that she intended to be a stay-at-home parent. However, she also testified that she intended to engage in substitute teaching. The trial court noted this contradiction, and we find no abuse of discretion in this finding.

{¶ 22} Finally, Mother claims that the court's finding that the Urbana schools were "a reasonable and almost equal distance for both parents" was unfounded. We disagree. The record supported the finding that Mother's residence and Father's place of work were approximately the same distance from the Urbana schools, thus allowing either parent to get to the school in a timely fashion when required. Further, the evidence supported a finding that Father would have had to travel an hour in order to get from his workplace to the school in New Carlisle. The trial court found this to be a relevant factor in its determination, and we cannot say that this finding constituted an abuse of discretion

{¶ 23} The findings made by the trial court were not against the manifest weight of the evidence. Therefore, we conclude the trial court did not abuse its discretion in designating Father as the residential parent for school purposes. Accordingly, the assignment of error is overruled.

### III.    Conclusion

{¶ 24} Mother's sole assignment of error being overruled, the judgment of the juvenile court is affirmed.

. . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.